IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **Yazmin Gonzalez**, on behalf of herself an all others similarly situated,<br><br>Plaintiff<br><br>*versus*<br><br>**Aflac Incorporated** a Georgia Corporation<br><br>Defendant | §§§§§§§§§§§§§<br><br>Civil Action No. 3:24-CV-464<br><br>**JURY DEMAND**<br><br>**CLASS ACTION COMPLAINT** |

## PLAINTIFF'S ORIGINAL COMPLAINT

### INTRODUCTION

Plaintiff, YAZMIN GONZALEZ, individually and on behalf of all others similarly situated, brins this Class Action Complaint against Defendant Aflac Incorporated to stop their illegal practice of pleading, through its telemarketers, unsolicited call in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigations conducted by her attorney.

### PARTIES

1. Plaintiff, Yazmin Gonzalez (hereinafter "Plaintiff") is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Plaintiff may be served any relevant papers via email to her counsel Omar Darwich at omar@darwichlegal.com.

3. Defendant Aflac Incorporated ("Aflac") is a corporation organized and existing under the laws of Georgia and can be served via registered agent Audrey Boone Tillman, at 1932 Wynnton Road, Columbus, GA 31999.

### JURISDICTION AND VENUE

4. This action is brought by Plaintiff pursuant to the Telephone Consumer Protection Act. 47 U.S.C. § 227 ("TCPA").

5. This Court has jurisdiction over the subject of the claims under the TCPA pursuant to 47 U.S.C 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331 and has personal jurisdiction over the subject matter of the claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367.

6. This Court has general personal jurisdiction over the Defendant as they, upon information and belief, authorized telemarketers and/or agents to place calls on their behalf to Texas residents, derive or derived revenue from Texas residents, and sell goods and services to Texas residents and have otherwise availed themselves to the State of Texas.

7. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47, U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of

events giving rise to the claim alleged herein occurred within the Western District of Texas,

## STATEMENT OF FACTS

8. Plaintiff personal telephone number cell phone (XXX)XXX-1859 has been registered on the National Do-Not-Call Registry since February 15, 2022, and at all times relevant to this Complaint.

9. Plaintiff has never instructed the National Do-Not-Call Registry administrator to remove her phone number ending in -1859 from the National Do-Not-Call Registry.

10. Plaintiff telephone number -1859 is a residential number.

11. Plaintiff telephone number -1859 is used for personal purposes and is not associated with business.

12. Plaintiff is a "person" as that term is defined by 47 U.S.C § 153(39).

13. Defendant Aflac is a "person" as that term is defined by 47 U.S.C § 153(39).

14. Defendant Aflac operates as a life insurance company and offers life insurance to consumers nationwide through its licensed agents.

15. In Defendant Aflac's overzealous attempt to market its life insurance services, Defendant willfully or knowingly made (and continues to make) unsolicited telemarketing calls through its agents to consumers that are registered on the National Do Not Call Registry.

16. Plaintiff received at least four (4) unsolicited telemarketing calls to her telephone number -1859 within a month period from insurance agents calling on behalf of Defendant Aflac.

17. The alleged calls were made to Plaintiff for the purpose of encouraging the purchase of life insurance on behalf of Defendant Aflac.

18. Upon information and belief, Plaintiff has received additional unsolicited telemarketing calls from insurance agents calling on behalf of Defendant Aflac within the past two years that are unknown to Plaintiff at this time but will be revealed through discovery.

19. Plaintiff has never had any relationship with Defendant Aflac or has never been a customer of Aflac. Plaintiff never gave her prior express consent to receive the alleged calls in this case.

20. **Call #1** – On July 19, 2024, at 6:57 PM, Plaintiff received a call from (469) 751-6221.

21. **Call #2** – On July 20, 2024, at 10:38 AM, Plaintiff received a call from (469) 751-6244.

22. **Call #3** – On July 20, 2024, at 12:40 PM, Plaintiff received a call from (469) 824-2473.

23. **Calls #1-3 -** Plaintiff answered each call and was greeted by an insurance agents who were soliciting life insurance.

24. **Calls #1-3 -** Plaintiff was not interested in life insurance and disconnected from each call.

25. **Call #4** – On July 21, 2024, at 1:13 PM, Plaintiff received a call from the same Caller ID as the third alleged call (469) 824-2473.

26. **Call #4** – Plaintiff answered and was again greeted by an insurance agent soliciting life insurance.

27. **Call #4 -** Plaintiff was tired and annoyed by the continued solicitation calls and engaged in the call as part of her investigation to identify who was behind the alleged calls.

28. The insurance agent behind the call identified himself as "Arvind".

29. Arvind asked Plaintiff a series of qualifying questions regarding Plaintiff's age and health history.

30. Arvind advised Plaintiff she was qualified and solicited Plaintiff for a life insurance policy on behalf of Defendant Aflac.

31. Arvind informed Plaintiff she would be receiving a text message from Defendant Aflac with a code to provide to Arvind.

32. Plaintiff received a text message from Arvind from phone number (510) 676-1681 requesting the code Plaintiff was supposed to receive from Defendant Aflac.



33. Arvind confirmed he was an insurance agent with Defendant Aflac.

34. Upon information and belief, Defendant Aflac makes substantial profit gains through its agents that generate new customers for Defendant Aflac through illegal telemarketing.

35. Plaintiff never provided her prior express written consent to receive any of the alleged calls.

36. Defendant employs outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

37. The alleged calls were nonconsensual encounters that were not made for emergency purposes.

38. The alleged calls were placed while knowingly ignoring the national do-not-call registry.

39. Upon information and belief the alleged calls were placed without Aflac training their agents on the use of an internal do-not-call policy.

## BASIS FOR LIABILITY

40. Plaintiff realleges paragraphs one through thirty-nine and incorporates them herein as if set forth here in full.

41. Even if Defendant Aflac did not personally make the TCPA violating calls to Plaintiff, they are liable for the TCPA violation under the following theories of vicarious liability: Actual Authority, Apparent Authority, or Ratification.

## ACTUAL AUTHORITY

42. Plaintiff realleges paragraphs one through forty-one and incorporates them herein as if set forth here in full.

43. Defendant Aflac authorized and hired insurance agents to generate prospective customers through illegal telemarketing calls.

44. Accordingly, the FCC has explained that its "rules generally established that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See In re Rules & Regulations Implementing the TCPA , CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995) (emphasis added).

45. In their January 4, 2008, ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. Id. (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

46. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is 4:23-cv-03055-JMG-MDN Doc # 1 Filed: 04/13/23 Page 7 of 11 - Page ID # 7 8 liable

for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

47. Defendant's agents solicited Plaintiff on behalf of Defendant. Accordingly, Defendant's agents had Aflac's actual authority to solicit Plaintiff through illegal telemarketing calls.

## APPARENT AUTHORITY

48. Plaintiff realleges paragraphs one through forty-seven and incorporates them herein as if set forth here in full.

49. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

[A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. 28 CC Rcd at 6592 (¶ 46).

50. Defendant Aflac authorized its agents to generate prospective business through illegal telemarketing.

51. Defendant's agents called and solicited Plaintiff for life insurance on behalf of Aflac. The integration of their sales efforts was so seamless that it appeared to Plaintiff that Defendant's agents and Defendant Aflac appeared to be acting together as the same company.

52. As a direct and proximate result of Defendant's agents illegal phone calls – which were made on behalf of and with the apparent authority of Defendant, Plaintiff suffered actual

damages, including her time to answer the violating calls, depleted battery life, wasted time, invasion of their privacy and the nuisance of receiving the calls.

## RATIFICATION

53. Plaintiff realleges paragraphs one through fifty-two and incorporates them herein as if set forth here in full.

54. Defendant Aflac knowingly and actively accepts business that originated through the illegal calls placed by its agents.

55. By a accepting these contacts and executing insurance policies with the unsolicited victims, Defendant's agents "manifest[ed] assent or otherwise consent[ed] . . . to act" on behalf of Defendant, as described in the Restatement (Third) of Agency.

56. Defendant Aflac ratified its agent's TCPA violations by knowingly accepting the benefits of new customers and revenue despite the fact that the sale was generated through illegal calling.

57. Defendant further ratified its agents TCPA violations by being aware of the violations, being willfully ignorant of the violations or by being aware that such knowledge was lacking.

58. As a direct and proximate result of the alleged calls, Plaintiff suffered actual damages, including her wasted time to answer the violating calls, the monies paid to receive the calls, the depleted phone minutes available to her, invasion of her privacy and the nuisance of receiving the calls.

## CLASS ALLEGATIONS

59. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendant called (3) whose telephone numbers were registered on the Federal Do Not Call registry for more than 30 days at the time.

60. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

61. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

62. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited calls.

63. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

64. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

65. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether the unsolicited calls were caused by the Defendant;

    b. Whether the unsolicited calls promoted the Defendant's products or services;

    c. Whether the Defendant and/or its agents checked the phone numbers to be called against the Federal Do Not Call registry;

    d. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

66. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the

Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

67. Plaintiff, pursuant to local rules, shall move to certify this complaint as a Class Action.

68. Plaintiff will reidentify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Plaintiffs 'Motion to Certify.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS

69. Plaintiff realleges paragraphs one through sixty-eight and incorporates them herein as if set forth here in full.

70. The calls harmed Plaintiff by causing the harm that Congress sought to prevent – a "nuisance and invasion of privacy."

71. The calls harmed Plaintiff by trespassing upon and interfering with her rights and interests in her cellular telephone.

72. The calls harmed Plaintiff by intruding upon her seclusion.

73. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to; reduce device storage, reduce data plan usage, anger, frustration, invasion of privacy, and more frequent charging of her cell phone.

## First Cause of Action
## Violation of 47 U.S.C. § 227(c)
## Do Not Call Provision
## (On behalf of Plaintiff and the TCPA Class)

74. Plaintiff realleges paragraphs one through seventy-three and incorporates them herein as if set forth here in full.

75. The telephone number of Plaintiff and the Class are registered on the Do Not Call Registry.

76. Defendant's agents placed unsolicited phone calls to Plaintiff and the Class members' DNC registered telephones without having their prior written consent to do so.

77. Defendant's actions agents constitute violations of 47 U.S.C. § 227(c) of the TCPA, by soliciting telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

78. Defendant's soliciting phone calls were made for the commercial purpose of selling life insurance to consumers.

79. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff and the Class's personal privacy, causing them to suffer damages.

80. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

81. Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Yazmin Gonzalez, individually and on behalf of the Class prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing her counsel as Class Counsel (after Plaintiff files her respective Motion to Certify pursuant to local rules);

B. An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA;

C. An order declaring that the Defendant's actions, as set out above, violate 227(c) willfully and knowingly;

D. An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation;

E. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation;

F. An injunction requiring Defendant to cease sending all unlawful calls;

G. An award of reasonable attorneys' fees and costs; and

H. Such further relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated this 31st day of December 2024.

                Respectfully Submitted,

                The Darwich Law Firm, LLC
                /Omar F. Darwich/
                Omar F. Darwich
                Tx Bar No. 24124686

                6090 Surety Dr, #305
                El Paso, TX 79905

                (915) 671-2221
                omar@darwichlegal.com

                **ATTORNEY FOR PLAINTIFF**